# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 8, 2010

Charles R. Fulbruge III
Clerk

No. 09-50545
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

HECTOR HERNANDEZ-LUNA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:08-CR-867-1

Before BENAVIDES, PRADO, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Hector Hernandez-Luna pleaded guilty to one count of illegal reentry. The district court imposed a sentence of 37 months, the highest in Hernandez-Luna's guidelines range of imprisonment.

Hernandez-Luna argues that his sentence is substantively unreasonable and greater than necessary to meet 18 U.S.C. § 3553(a)'s sentencing goals because (1) his criminal history was taken into account twice in determining his guidelines range of imprisonment, (2) his offense was not violent, and (3) his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

motive for reentry was to assist his common law wife, who was facing eviction. In reviewing a sentence, we normally "consider[] the 'substantive reasonableness of the sentence imposed under an abuse-of-discretion standard.'" *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008) (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)). However, Hernandez-Luna did not object in the district court to the reasonableness of his sentence, so our review is for plain error. *See United States v. Anderson*, 559 F.3d 348, 358 (5th Cir.), *cert. denied,* 129 S. Ct. 2814 (2009).

A plain error is a forfeited error that is clear or obvious and affects the defendant's substantial rights. *United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir.), *cert. denied,* 130 S. Ct. 192 (2009). When those elements are shown, this court has the discretion to correct the error only if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (citation omitted).

The district court explained that it selected what it determined to be a sufficient sentence after considering the advisory Guidelines and their policy statements, the other 18 U.S.C. § 3553(a) factors, the allocution of the parties, and the factual information contained in the presentence report. The district court explained to Hernandez-Luna that it began the sentencing proceeding with the intent to give him an above-guidelines sentence after concluding that his motive for reentry was drug distribution, but after hearing Hernandez-Luna's sentencing arguments, the district court concluded that a within-guidelines sentence was sufficient. Hernandez-Luna has not rebutted the presumption that his within-guidelines sentence was reasonable, *see United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006), nor has he demonstrated plain error, *see Mondragon-Santiago*, 564 F.3d at 361. The judgment of the district court is AFFIRMED.